UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CR01026 |
| | ) | |
| JERAMIE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JERAMIE WILLIAMS
MOTION AND MEMORANDUM IN SUPPORT OF
HIS MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

1. <u>Outline of Relevant Facts</u>

On October 18, 2019 a St. Louis County Police Officer ran a computer check on a vehicle at the Circle K Gas Station at 1940 Union Road in St. Louis County.  The computer inquiry allegedly indicated that the registered owner of the car (Jeramie Williams) had an active warrant.[1] After learning of the warrant for Jeramie Williams, the St. Louis County Police Officer allegedly was able to identify Jeramie Williams from some distance away at night from a photograph provided by the Department of Revenue and a "Crime Matrix Photo" as he walked out of the Circle K Gas Station.  The St. Louis County Police Officer then allegedly confronted Jeramie Williams regarding this warrant when he sat in his vehicle.  According to the police report, Defendant appeared nervous and made a statement to the police officer that he had a firearm.[2]  Jeramie

---

[1] It is unclear why the St. Louis County Police entered Defendant's license plate into the DOR computer in the first instance.  The warrant was for failure to pay a traffic ticket in Jefferson County and this "warrant" was for such a minor "crime" that later that night when Defendant was transported to booking at the St. Louis County Justice Center he was released that night from Jail despite this "warrant" from Jefferson County (apparently on minor traffic matters one county will not "extradite" a defendant to another county over failure to pay a minor traffic ticket).
[2] Counsel believes it will be undisputed that he was never Mirandized.

Williams was searched and a firearm was allegedly discovered by the St. Louis County Police Officer.

### 2. The Detention of Jermane Williams Was Not Supported by a Articuable Suspicion that Defendant was Engaged in Criminal Activity

The Fourth Amendment guarantees "the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." The Supreme Court of the United States has found that automobiles and the temporary detention of individuals during the stop, even if only for a brief period and for a limited purpose, constitutes a seizure of persons within the meaning of this provision. Whren v. United States, 517 U.S. 806, 810 (1996). In determining whether an automobile stop is constitutional, the Court must conduct a fact specific inquiry, which turns upon whether the stop is reasonable under the circumstances. Berkemer v. McCarty, 468 U.S. 420 (1984). Where the police have probable cause to believe that a traffic violation has occurred, the decision to stop an automobile is reasonable. Delaware v. Prouse, 440 U.S. 648 (1979). However, after the purpose of the traffic stop is complete, the officer cannot further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention. United States v. Mesa, 62 F.3d 159, 162 (6th Cir. 1995).

In the present case, the initial pretextual reason espoused by the police was that Jeramie Williams had a warrant and that the officer positively identified him as he walked out of the Circle K Gas Station. However, due to the poor lighting and the distance it was impossible for the police to properly identify Defendant from such a distance. As such, the police had no articulable suspicion that he was actually the correct person with the warrant. Furthermore, while technically there was a "warrant" for Defendant's arrest, it was not the type of "warrant"

that would commonly result in a Defendant being detained because it was for failure to pay a traffic ticket in Jefferson County. In fact, the Defendant was released from the Justice Center pending application of warrants despite the "warrant" for failure to pay the traffic ticket. As such, this "warrant" did not provide the proper pretext to detain or arrest Defendant.

    3.   <u>The Statements of Defendant Jeramie Williams along with any Evidence Seized from the Defendant's Vehicle Should be Suppressed as Fruits of the Illegal Detention of Jeramie Williams</u>

As set out above, the police should have never approached Defendant because it would have been impossible to identify him from over 75 feet away at night as he allegedly exited the Circle K Gas Station. Even assuming arguendo that the police had a constitutional valid reason to arrest Defendant due to the outstanding warrant, any statements made by Defendant after his arrest should be suppressed. Specifically, Defendant's statement that he had a hand gun inside his belt should be suppressed because he was in custody when such statements were made and never Mirandized.

    4.   <u>Conclusion</u>

All evidence seized from Defendant's person and his vehicle on October 18, 2020 at the Circle K Gas Station at 1940 Union Road, St. Louis County, Missouri should be suppressed because Defendant was not operating the vehicle when he was identified by the St. Louis County Police (Defendant contends that it was impossible to identify him from 75 feet away as he exited the Circle K Gas Station). Furthermore, a warrant for failure to pay a traffic ticket was not sufficient rationale to detain Mr. Williams. However, even if the police had a valid reason to detain Jeramie Williams any and all statements made by Defendant should be suppressed because he was never Mirandized when he was detained by the St. Louis County Police.

Respectfully submitted,

/s/ Craig J. Concannon
_____

Craig J. Concannon, #45015
7911 Forsyth Blvd., Suite 300
St. Louis, MO  63105
(314) 421-3329
(314) 863-5335 (Fax)
cjc@concannonlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that a copy of the foregoing was served upon the Office of the United States Attorney this 18th day of November, 2020 via operation of the Court's Electronic Filing System.

            /s/ Craig J. Concannon
            _____